[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an application for temporary injunction and order to show cause. The plaintiff is the Chestnut Ridge Homeowners Association. The defendants are unrelated persons, hereinafter referred to collectively as Ramsey in Case No. CV93-704390 and Lasker in Case No. CV93-0704356.
The common issue raised by each of the cases is identical, i.e. whether the defendants, owners of lots in the development, may construct their houses with the use of vinyl siding.
The original developer of this property, Chestnut Ridge Associates, sold a number of the lots to Ouelette Builders, Inc. Ouelette Builders sold Lot No. 58A to the defendants Ramsey.
Farmers and Mechanics Bank foreclosed on other lots owned by Ouelette. Farmers and Mechanics Bank then sold Lot No. 43 to the defendants Lasker. Lasker claims that Farmers and Mechanics approved their building plans. Ramsey does not claim that their predecessor, Ouilette Builders, Inc., or anyone ostensibly approved their plans.
The developer, Chestnut Ridge Associates, is now defunct and is no longer a viable entity.
The plaintiff claims, as an association of record title holders to other lots, that it has the right to enforce covenants and restrictions regulating the use of the property. The restrictions which are admitted as Exhibit A are entitled "Declaration of Covenants and Restrictions." The Declaration, CT Page 7543 as set forth in Exhibit A, declare that they are covenants which run with the land. Covenants which run with the land are generally recognized as being enforceable against each of the other lot owners. Whitton v. Clark, 112 Conn. 28, 36.
For the purposes of this decision, the court does not distinguish between the questions of notice or lack of notice as pertains to the defendants Ramsey and the defendants Lasker. Nor does the court determine whether the plaintiff can enforce the objective provisions of the Declaration, such as lot use, storage sheds, signs, animals or those provisions which are capable of a non-subjective determination.
The plaintiff claims that it, or they, are the successors in right to the right of the developer to approve or disapprove the plans of a lot owner for the construction of the buildings or other structures on the property. No provision of the Declaration grants to the owners of other lots the right to exercise the discretionary determination of the developer Chestnut Ridge Associates. The developer reserved the right to approve plans (trial exhibit 1, "Exhibit B" thereof). The developer set guidelines for plan approval (exhibit D of trial exhibit 1). Yet nothing in exhibit 1 required that the guidelines required construction in accordance therewith.
The guidelines suggest "cedar or redwood siding." Nothing precludes an alternative siding. The same applies to color, although this is not an issue as the parties agree that the colors chosen by the defendants is consistent with the color scheme of the development. The court can perceive no legitimate reason why the developer would choose to restrict its discretion to the extent suggested by the plaintiffs.
The issue of this motion for a temporary injunction has been dealt with squarely by our Supreme Court.
 "A covenant by a grantee not to erect any dwelling until its exterior lines had been approved by the grantor, or by an architect selected by him, affords an illustration of a covenant which does not run with the land."
Pulver v. Mascolo, 155 Conn. 644, 651.
"It seems to us highly unlikely that the common CT Page 7544 grantor could have intended by implication to give this power of approval, which involves matters of personal taste and discretion, to each of the grantees in the development."
Pulver v. Mascolo, supra, p. 652.
The applications for temporary injunctions in each of these cases is denied.
Sullivan, J.